UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAROLD WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13-CV-182 JAR |
| | ) |
| CINDY GRIFFITH,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Darold Walker's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1) The Government responded (Doc. No. 8) and Petitioner replied. (Doc. No. 12) For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice**.

### I. Background

In May 2007, Walker was charged, as a prior and persistent offender, with one count of domestic assault in the first degree (Count 1) and armed criminal action (Count 2), or in the alternative, domestic assault in the second degree (Count 3) and armed criminal action (Count 4). On April 30, 2009, a jury found Walker guilty of domestic assault in the first degree (Count 1), and armed criminal action (Count 2). On June 5, 2009, the trial court sentenced Walker as a prior and persistent offender to concurrent twenty-five terms for each of the convictions. (Resp. Exh. 6 at 1-12) The Court will address the specific facts of the case where necessary in the analysis section.

---

[1] Petitioner is incarcerated at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri. (Doc. No. 1) Cindy Griffith is the current Warden and proper party respondent. Therefore, the Court will substitute Cindy Griffith for the originally named Respondent. See 28 U.S.C. § 2254, Rule 2(a).

1

Walker filed a direct appeal, raising two claims:

1. The trial court erred in overruling defense counsel's objection to evidence of prior acts of violence between Walker and victim because this evidence was not relevant to prove Walker committed domestic assault in the first degree and armed criminal action and was used to show Walker's propensity to commit the crimes for which he was on trial.

2. The trial court erred in finding that Walker is a prior domestic violence offender under Section 565.063.1, RSMo., because the State failed to prove Walker pleaded guilty or had been found guilty of one domestic assault offense that occurred within five years of the occurrence of the domestic assault offense for which he was charged. As a result, Walker is required to serve his twenty-five year sentence for domestic assault in the first degree, as a prior domestic violence offender having inflicted serious injury on the victim, without probation or parole under Section 565.063.14, RSMo.

(Resp. Exh. 2 at 10-12) The Missouri Court of Appeals for the Eastern District affirmed Walker's convictions, but modified the judgment to correct the finding of prior domestic violence offender status to that of persistent domestic violence offender. State v. Walker, 318 S.W.3d 789, 793 (Mo. Ct. App. 2010).

Walker filed a Rule 29.15 motion for post-conviction relief, which was later amended by counsel, raising two claims:

1. Trial counsel was ineffective for failing to object to use of the term "dangerous instrument" in the second paragraph of instruction eight, the verdict director on count 2 of armed criminal action, because the instruction did not reflect the State's charge, the State's evidence was that a gun, or "deadly weapon," was used in the domestic assault, and the trial court's instruction on the use of a "dangerous instrument" permitted the possibility of non-unanimous verdicts.

2. Appellate counsel was ineffective for failing to assert on appeal that the trial court erred in denying movant's request for a mistrial, or alternative request to voir dire the jurors, based on the sheriff's improper communication with the jury foreperson during deliberations.

(Resp. Exh. 7 at 12-37) On August 18, 2011, the motion court denied Walker's motion without an evidentiary hearing. (Id. at 38-43)

2

Walker raised both claims on appeal. (Resp. Exh. 4 at 19-21) On June 5, 2012, the Missouri Court of Appeals affirmed the decision of the motion court in a summary order, Walker v. State, 375 S.W.3d 832 (Mo. Ct. App. 2012), supplemented by a memorandum, sent only to the parties, setting forth the reasons for the decision. (Resp. Ex. 5)

On January 25, 2013, Walker filed this § 2254 Petition raising four grounds for relief:

1. The trial court abused its discretion and erred in overruling trial counsel's objection to evidence of prior acts of violence between Walker and the victim because this evidence was not "logically and legally relevant" to prove he committed domestic assault in the first degree and armed criminal action. (Doc. No. 1 at 16)

2. The trial court erred in finding Walker to be a prior domestic violence offender because the State failed to prove he pled guilty or had been found guilty of one domestic assault offense that occurred within five years of the current charge of domestic assault. (Id.)

3. The motion court erred in denying Walker's Rule 29.15 motion without an evidentiary hearing because he pled facts demonstrating his trial counsel was ineffective for failing to object to the inclusion of the words "dangerous instrument" in the verdict director on Count 2 (armed criminal action). (Id. at 16-17)

4. The motion court erred in denying Walker's Rule 29.15 motion without an evidentiary hearing because he pled facts demonstrating his appellate counsel was ineffective for failing to assert that the trial court erred when it denied the request of trial counsel to voir dire jurors regarding the sheriff's communication with them during deliberation. (Id.)

## II. Standard of review

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of

3

a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). " 'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.' " Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

4

Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

### III. Discussion

### Ground 1

In Ground 1 of the instant petition, Walker claims the trial court erred in admitting evidence of prior acts of violence between Walker and the victim, and specifically the victim's videotaped deposition wherein she described prior acts of violence committed by Walker upon her. Walker raised this claim on direct appeal of his conviction, arguing the evidence was not relevant to prove he committed the crimes he was charged with and was used to prove his propensity to commit those crimes. The Missouri Court of Appeals considered this claim as follows:

> The trial court is vested with broad discretion in the admission or exclusion of evidence. State v. Mabry, 285 S.W.3d 780, 785 (Mo. App. E.D. 2009). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Id. This Court will not disturb the trial court's ruling absent a clear abuse of that discretion and "the error was so prejudicial that it deprived the defendant of a fair trial." State v. Thurman, 272 S.W.3d 489, 495 (Mo. App. E.D. 2008).
>
> Evidence of a defendant's prior criminal acts is not admissible unless it has a legitimate tendency to establish directly the defendant's guilt for the crime charged. State v. Vorhees, 248 S.W.3d 585, 587 (Mo. banc 2008). "[E]vidence of prior criminal acts may be admissible for alternative purposes such as establishing motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime on trial." Thurman, 272 S.W.3d at 495; Vorhees, 248 S.W.3d at 588. "Evidence of prior bad acts is also admissible if offered to rebut the [defendant's] volunteered assertions from the stand that he or she has never been guilty of any misconduct." Vorhees, 248 S.W.3d at 588 (internal citation omitted).
>
> In this case, Victim's deposition was admitted to establish [Walker's] intent and to rebut his claim that Victim's injuries were the result of a simple accident. [Walker] claimed Victim fell accidentally, suffering her extensive injuries when she hit her head on a cabinet; he testified he did not intend to hurt her. "In cases of murder or assault, prior misconduct by

5

> the defendant toward the victim is logically relevant to show motive, intent, or absence of mistake or accident." State v. Tolliver, 101 S.W.3d 313, 315 (Mo. App. E.D. 2003). The trial court did not abuse its discretion in admitting Victim's deposition testimony since [Walker] placed his intent at issue. Point denied.

Walker, 318 S.W.3d at 791-92.

The issue of admissibility of evidence is a state law question. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Rousan v. Roper, 436 F.3d 951, 958 (8th Cir. 2006). "Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation." Nebinger v. Ault, 208 F.3d 695, 697 (8th Cir. 2000) (citing Sweet v. Delo, 125 F.3d 1144, 1158 (8th Cir. 1997)). "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006). "No due process violation exists for the admission of prior bad acts testimony unless it can be said that the testimony was 'so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [defendant] of fundamental fairness.' " McDaniel v. Lockhart, 961 F.2d 1358, 1360 (8th Cir.1992) (quoting Hobbs v. Lockhart, 791 F.2d 125, 128 (8th Cir. 1986)).

After reviewing the "totality of the facts in the case and the fairness of the whole trial," Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999) (quoting McDaniel, 961 F.2d at 1360), the Court concludes that Walker cannot establish that admission of the victim's videotaped deposition describing his prior acts of violence towards her "fatally infected the trial" to such an extent that it deprived him of "fundamental fairness." The decision of the Missouri Court of Appeals to uphold the admission of the testimony regarding Walker's prior bad acts was not contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). While acknowledging that evidence of prior bad acts is generally not admissible unless it has a legitimate tendency to establish directly the defendant's guilt for the crime charged, the Missouri appellate

6

court stated that such evidence may be admissible to establish intent or absence of mistake or accident. Walker, 318 S.W.3d at 792. Walker placed his intent at issue by claiming the victim's injuries were the result of an accident. Thus, the victim's deposition testimony was properly admitted to rebut his claim. Moreover, there has been no showing of "conspicuous prejudice" on the part of Walker. The jury had already been informed that Walker had prior convictions for assault and felonious restraint and knew from the testimony of the victim and her uncle that there was a history of problems between Walker and the victim, including a number of episodes of violence or abuse. (See Resp. Exh. 1 at 324:4-6; 325 at 5-11)

Because the decision of the Missouri Court of Appeals was entirely supported by the factual record and involved a reasonable application of federal law, Ground 1 is without merit and will be denied.

**Ground 2**

In Ground 2, Walker claims the trial court erred in finding him to be a prior domestic violence offender.[2] Because Walker did not raise this issue in his motion for new trial, this point was not preserved for appeal. However, because Walker alleged he was improperly sentenced as a prior offender, the Missouri Court of Appeals exercised its discretion to review this unpreserved point for plain error, and found Walker had been charged and sentenced properly as a persistent domestic violence offender:

---

[2] A prior domestic violence offender is "a person who has pleaded guilty to or has been found guilty of one domestic assault offense, where such prior offense occurred within five years of the occurrence of the domestic assault offense for which the person is charged." Section 565.063.1(4). A persistent domestic violence offender is "a person who has pleaded guilty to or has been found guilty of two or more domestic assault offenses, where such two or more offenses occurred within ten years of the occurrence of the domestic assault offense for which the person is charged." Section 565.063.1(3).

Sentencing for either a persistent domestic violence offender or a prior domestic violence offender who pleaded or was found guilty under Section 565.072 exposes that person to an enhancement of his or her sentence to a class A felony. Section 565.063.14. Walker, 318 S.W.3d at 792-93, n. 2.

7

> In this case, the charging document alleged [Walker] committed two prior domestic assault felonies within the past ten years; neither offense occurred within the past five years. Further, the record demonstrates [Walker's] persistent domestic violence offender status was proven by the State at trial, including [Walker's] testimony at trial that he had two convictions of domestic assault against Victim. Even though the word persistent was not used in the charge, there was sufficient notice given to permit sentencing as a persistent offender. See State v. Vann, 7 S.W.3d 407, 411 (Mo. App. W.D.1999).
>
> The jury found [Walker] guilty of first-degree domestic assault, Section 565.072. Section 565.063.14 authorized the trial court to impose a "term of imprisonment for a class A felony which term shall be served without probation or parole if the court finds the offender is a persistent domestic violence offender...." The trial court appropriately sentenced [Walker] pursuant to this statutory requirement even though the "prior domestic violence offender" box on the judgment was checked.

Walker, 318 S.W.3d at 793. The Court further found Walker was not entitled to vacation of his sentence and remand because he had failed to establish actual prejudice:

> [Walker] fails to prove actual prejudice. His undisputed status as a prior and persistent offender removed the opportunity for him to be sentenced by the jury. Further, the sentence imposed by the trial court did not exceed the maximum punishment available for a class A felony.
>
> This Court may correct [Walker's] sentence rather than remanding the case for resentencing. State v. Morris, 285 S.W.3d 407, 414 (Mo. App. E.D. 2009); Halk, 955 S.W.2d at 217. Accordingly, this Court will correct the judgment and sentence to reflect [Walker's] status as a persistent domestic violence offender rather than a prior domestic violence offender. Rule 30.23. [Walker's] second point is granted in part and denied in part. The trial court's judgment is affirmed as modified.

Id. Because Walker's second claim has been addressed by the Missouri Court of Appeals, it will be denied as moot.

### Grounds 3 and 4

In Grounds 3 and 4, Walker challenges alleged errors by the post-conviction motion court. In Ground 3, he claims the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he demonstrated that his trial counsel was ineffective for failing to object to use of the term "dangerous instrument," rather than "deadly weapon," in the verdict

8

director for armed criminal action. In Ground 4, Walker claims the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he demonstrated that his appellate counsel was ineffective for failing to argue on appeal that the trial court erred in denying his request to voir dire jurors regarding the sheriff's communication with them during deliberation. Walker raised these claims on appeal and these claims were denied.

Walker's claims of errors by the motion court fail to assert viable federal habeas claims. Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. See Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Williams–Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, errors or defects in a state post-conviction proceeding do not raise a constitutional issue cognizable in a federal habeas petition. Williams v. State of Missouri, 640 F.2d 140, 143 (8th Cir. 1981). Walker's claims of error by the motion court do not constitute viable federal habeas claims and will therefore be denied.

### IV. Other pending motions

### Petitioner's Motion to Compel State of Missouri to Provide Entire Record

Walker requests the Court order the State to provide the Court with the legal files for both his direct appeal and post-conviction cases. (Doc. No. 15) In support of his motion, Walker contends that both files contain information he feels is relevant for the Court's review of his case, but has not pointed to any specific information that would support his claims for habeas relief. In response to Walker's motion, Respondent has filed the direct appeal legal file, the post-conviction relief legal file, and the post-conviction relief supplemental legal file (Resp. Exhs. 6, 7, 8) and mailed copies of these materials to Walker. Accordingly, Walker's motion will be denied as moot.

9

### Petitioner's Request for an Evidentiary Hearing

Walker requests an evidentiary hearing on his two claims of ineffective assistance of counsel. An evidentiary hearing on a habeas petition is mandatory only if a petitioner was denied a "full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend v. Sain, 372 U.S. 293, 312 (1963). The Court need not hold an evidentiary hearing if the petitioner fails to allege facts sufficient to justify habeas relief. Id. Upon careful consideration, the Court has determined that Walker's claims do not entitle him to relief on any of the grounds asserted in his petition. The Court concludes that no ground of the petition requires further evidentiary development for its resolution. Furthermore, Walker fails to demonstrate that an evidentiary hearing is warranted under the applicable standards set forth in 28 U.S.C. § 2254(e)(2). Thus, his request for an evidentiary hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darold Walker's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel State of Missouri to Provide Entire Record [15] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Request for an Evidentiary Hearing [16] is **DENIED**.

**IT IS FINALLY ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment dismissing this case is filed herewith.

Dated this 16th day of February, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

11